JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>      Plaintiff,<br><br> v.<br><br>QWEST ENGINEERING, INC., a California corporation; BRADLEY ALAN ZIMMERMAN, an individual also known as BRAD A. ZIMMERMAN; MANHATTEN BEACH UNIFIED SCHOOL DISTRICT, a public agency; BALFOUR BEATTY CONSTRUCTION, LLC., a Delaware limited company, MARKEL INSURANCE COMPANY, an Illinois corporation; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation; MERCHANTS BONDING COMPANY (MUTUAL), an Iowa corporation;<br><br>      Defendants. | Case No.:  2:23-cv-02945-MEMF-AGR<br><br>**STIPULATED JUDGMENT BY INSTALLMENTS [ECF No. 86]**<br><br>[Hon. Maame Ewusi-Mensah Frimpong] |

/ / /

Pursuant to a Settlement Agreement between the parties ("Settlement Agreement"), Plaintiff Construction Laborers Trust Funds for Southern California Administrative Company ("CLTF"), on the one hand, and Defendants Qwest Engineering, Inc., a California corporation ("Employer" or "Qwest") and Bradley Alan Zimmerman, an individual also known as Brad A. Zimmerman ("Zimmerman" - collectively "Remaining Defendants"), on the other hand, have filed a Stipulation For Entry Of Judgment on Plaintiff's Complaint against Employer ("Stipulation"). The Court, having considered the Stipulation and finding good cause therefor, hereby enters judgment as follows:

1. The Fourth through Seventh Claims of the Complaint, and all other Defendants (Manhattan Beach Unified School District; Balfour Beatty Construction LLC.; Markel Insurance Company; Travelers Casualty and Surety Company of America; and Merchants Bonding Company) have been dismissed. *See* Docket No.s 33, 41, and 63. The claims remaining at issue are the First and Second Claims against the Employer only, and the Third Claim against the Employer and Zimmerman, jointly and severally. This Judgment disposes of all those remaining claims and parties.

2. **As to the First and Second Claims**, pursuant to the Stipulation and Settlement Agreement, Judgment is entered against Defendant Qwest Engineering, Inc., only, in favor of Plaintiff Construction Laborers Trust Funds for Southern California Administrative Company, in the amount of $570,000.00 ("Default Amount"). This constitutes all damages under 29 U.S.C. § 1132(g)(2), for work performed by employees of Employer for the period through March 2024 ("Judgment Period"). The Judgment may be satisfied by payment of the "Settlement Amount" of $320,588.28, paid in installments, as described below.

3. The Settlement Amount on the First and Second Claims shall be paid as follows ("Payment Plan"):
   a. The Settlement Amount shall be paid in forty-eight monthly installments, of at least $7,400.00 each, and a final payment of any


balance. Interest shall accrue on the declining balance, at the rate of 4.2% per annum, from June 1, 2025 ("Interest Accrual Date").

    b. The first monthly installment shall be paid by June 1, 2025, and each subsequent installment shall be paid by the First (1st) of each month thereafter, until paid in full. If the First of any month falls on a weekend or federal holiday, the payment shall be due the next business day. There shall be no penalty for early payment.

    c. Each payment shall be made out and delivered as specified in the Stipulation for Judgment and Settlement Agreement. CLTF shall notify Employer and its attorney of any change in address in writing.

    d. If the Employer fails to make any payment called for herein, CLTF shall give written notice to the Employer as specified in the Stipulation for Judgment and Settlement Agreement. The Employer and its attorney shall notify CLTF, in writing, of any change in address.

    e. CLTF shall provide an accounting of all payments, interest and credits, at least twenty (20) days before the final payment is due. CLTF shall also provide such an accounting, on request, at any time before then.

4. The Employer is further ordered to 1) timely submit monthly reports, with payment; and 2) to submit to an audit by CLTF, for the period of April 2024 to current, as more fully described in the Stipulation for Judgment and Settlement Agreement.

5. Default shall occur upon: 1) the failure to timely make a payment under the Payment Plan; 2) the failure to timely submit monthly reports, with payment; or 3) to submit to an audit by CLTF, for the period of April 2024 to current, after notice and an opportunity to cure, as more fully described in the Stipulation for Judgment and Settlement Agreement.

6. Upon Default, the entire Default Amount shall become due, less any payments, plus accrued interest on the declining balance of the Default Amount from the Interest Accrual Date, at the rate of 4.2%. Counsel for CLTF shall file with the Court a Declaration of Default, including an accounting of all payments and interest. Upon filing such Declaration of Default, the Judgment shall reflect that amount, and any stay of enforcement shall terminate; no further order from the Court or any other filing or hearing is necessary. Local Rule 7-3 shall not apply to any proceeding to declare Default.

7. Upon payment of the full Settlement Amount, as described above, and after at least ninety (90), but no less than one-hundred-and-five (105) calendar days after the last payment, CLTF shall file an Acknowledgment of Satisfaction of Judgment with the Court, and promptly thereafter release any liens filed based on the Judgment.

8. **As to the Third Claim for Relief**, pursuant to the Stipulation and Settlement Agreement, Judgment is entered against Defendant Qwest Engineering, Inc. and Bradley Alan Zimmerman, jointly and severally, in favor of Plaintiff Construction Laborers Trust Funds for Southern California Administrative Company, in the amount of $69,267.91 ("Old Payment Plan Default Amount"). The Judgment as to the Third Claim for Relief shall be satisfied by payment of $30,965.45 ("Third Claim Settlement Amount"), received by CLTF no later than May 1, 2025 ("Third Claim Payment Date").

    a. The Third Claim Settlement Amount shall be made out and delivered as specified in the Stipulation for Judgment and Settlement Agreement. CLTF shall notify Employer and its attorney of any change in address in writing.

    b. Upon payment of the Third Claim Settlement Amount, as described above, and after at least ninety (90), but no less than one-hundred-and-five (105) calendar days after the last payment, CLTF shall file a dismissal with prejudice of Zimmerman, plus an Acknowledgment of

      Satisfaction of Judgment with the Court, and promptly thereafter release any liens filed based on the Judgment.

   c. If the Third Claim Settlement Amount is not received by the Third Claim Payment Date, the entire Old Payment Plan Default Amount shall become due, less any payments, plus accrued interest on the declining balance of the Old Payment Plan Default Amount from the Third Claim Payment Date, at the rate of 4.2%. Counsel for CLTF shall file with the Court a Declaration of Default, including an accounting of all payments and interest. Upon filing such Declaration of Default, the Judgment shall reflect that amount, and any stay of enforcement shall terminate, as to the Third Claim; no further order from the Court or any other filing or hearing is necessary. Local Rule 7-3 shall not apply to any proceeding to declare Default.

9. **STAY**: From the entry of Judgment, while the Payment Plan is pending, there shall be a Stay of Enforcement, except as follows:

   a. CLTF may file a Judgment Lien with the California Secretary of State.

   b. CLTF may file lien(s) on any pending action or proceeding of the Employer, pursuant to Cal. Code Civ. P. § 708.410, *et. seq.*

   c. While this Stay of Enforcement remains in effect, CLTF shall not seek to foreclose or enforce any of the liens it has filed. However, CLTF reserves the right to assert all claims based on the Judgment, and enforce all rights, in the event someone else initiates foreclosure proceedings, refinance, or any other proceeding against property covered by its liens, and may take any action necessary to preserve its lien rights or priority.

   d. In the event of Default, as described above, any Stay of Enforcement shall immediately terminate.

10. No attorney fees or costs shall be awarded to any Party, except as expressly stated in the Stipulation or Settlement Agreement. However, after a Default, as described above, CLTF may seek to add fees and/or costs to the Judgment incurred in enforcing the Judgment after Default, in accordance with applicable law and procedure.

11. This matter is ADMINISTRATIVELY CLOSED unless and until any request to reopen is granted. This Court retains full jurisdiction over this action and this administrative closure shall not prejudice any party to this action.

IT IS SO ORDERED.

Dated: May 1, 2025

HON. MAAME EWUSI-MENSAH FRIMPONG
United States District Judge